NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK LOBOSCO, | : | |
| Plaintiff, | : | Civil Action No. 09-01455 (JAP) |
| v. | : | **OPINION** |
| JOSEPH FALSETTI, et al., | : | |
| Defendants. | : | |

PISANO, District Judge.

This is an action brought by plaintiff Frank Lobosco ("Plaintiff") pursuant 42 U.S.C. § 1985. Presently before the Court is a motion for judgment on the pleadings with respect to counts 1 and 2 of the complaint by defendants Joseph Falsetti ("Falsetti"), Andrew Sheldrick ("Sheldrick") and Tara Di Bari ("Di Bari", and together with Falsetti and Sheldrick, "Defendants"). For the reasons set forth herein, Defendants' motion for judgment on the pleadings is granted.

## I.    Background

Plaintiff is an attorney admitted to practice in New York and New Jersey who was hired as a contract partner at the law firm of Taylor, Colicchio & Silverman, LLP ("TCS") in March 1994. (Complaint ¶ 2 and ¶ 12). In or about March 2006, Plaintiff was assigned to defend Lander Company, Inc. ("Lander") in connection with a lawsuit filed against it in the United

1

States District Court for the Northern District of New York, captioned as Ferguson v. Lander, Inc., Docket No.: 06-cv-00328 (the "Ferguson Action").  (Complaint ¶ 15).  Defendants are each employees of Lander: Falsetti was chairman, president and chief executive officer of Lander until March 12, 2007 and, thereafter, was Lander's executive chairman and director; Sheldrick was general counsel, vice president and secretary of Lander from May 2006 until January 2009; and Di Bari was head of human resources from January 2004 through January 2009.  (Complaint ¶¶ 4 - 6).

In September 2006, Lander was served with a discovery request in the Ferguson Action, which included a request for employee evaluations and other records relating to John Nabiel (the "Nabiel Discovery").   (Complaint ¶ 16 and 17).  Plaintiff alleges that he engaged in numerous conversations with and made multiple requests of Defendants with respect to the Nabiel Discovery, but that Defendants failed to produce the requested documents.  (Complaint ¶ 21, ¶ 28 and ¶ 31).  As a result of Defendant's failure to produce the Nabiel Discovery, the court in the Ferguson Action granted a motion to compel compliance with the discovery requests, finding that Lander did not act in good faith, and awarded costs, including attorneys' fees, against Lander.  (Complaint ¶ 32).  Plaintiff alleges that he demanded that Lander comply with the discovery requests and court order and that he protested and refused to participate in noncompliance with the discovery requests and court order.  (Complaint ¶ 33).  Plaintiff claims that he informed Sheldrick that he would withdraw from the Ferguson Action and testify as a potential witness against them, if called upon to do so.  (Complaint ¶ 34).  Plaintiff informed the court in the Ferguson Action of the foregoing.  (Complaint ¶ 35).  On March 28, 2007, Plaintiff was fired from his position as a contract partner at TCS.  (Complaint ¶ 37).

Plaintiff filed a six count complaint in this action on March 28, 2009.  [docket no. 1] Count 1 of the complaint alleges that, in violation of the first clause of 42 U.S.C. § 1985(2), Defendants conspired to bring about his termination from TCS "in retaliation for Plaintiff's insistence that they obey federal discovery obligations and comply with the court order and in retaliation for informing Defendants that he would be a potential witness against them in court proceedings if called upon to do so."  (Complaint ¶ 36 and ¶ 56).  Count 2 of the complaint alleges that, in violation of the first clause of 42 U.S.C. § 1985(1), Defendants conspired to bring about his termination from TCS "to prevent him from holding and discharging his duties as an officer of the United States District Court of the Northern District of New York, including compliance with duly issued discovery demands pursuant to the Federal Rules of Civil Procedure and Court Order, and preventing him from serving as a potential witness against them." (Complaint ¶ 65).  Plaintiff seeks damages against Defendants with respect to counts 1 and 2 of the complaint pursuant to 42 U.S.C. § 1985(3).[1]  The remaining counts of the complaint allege state tort law claims, including fraudulent misrepresentation, negligent misrepresentation, trade name disparagement and intentional interference.

## II.    Legal Standard and Discussion

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment "after the pleadings are closed but within such time as not to delay the trial."  Fed. R. Civ. Pro. 12(c). Judgment will not be granted under Rule 12(c) unless the movant has clearly established that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

---

[1]    Defendants advance several arguments with respect to Plaintiff's Section 1985(3) claim based on the assumption that Plaintiff was asserting a cause of action thereunder. (Defendants Brief at 7 – 10).  Plaintiff has subsequently clarified that he merely references Section 1985(3) in his complaint to invoke its last sentence, which grants a right to recover damages for violations of subsections (1) and (2). (Plaintiff's Opposition at 2, n.1).  For this reason, the Court finds it unnecessary to address Defendants' arguments with respect to Section 1985(3).

law." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (citing *Society Hill Civil Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980).   The Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id*.  Therefore, we must accept as true the allegations in the complaint, and draw all reasonable factual inferences in Plaintiff's favor. *See Turbe v. Government of the Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991).

A.      Count 1 -- Section 1985(2) Claim

The first clause of Section 1985(2) "aims at conspiracies, the object of which is intimidation of or retaliation against parties or witnesses, or grand or petit jurors, in any court of the United States." *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976); *Guarrasi v. Gibbons,* No. 07-5475, 2008 U.S. Dist. LEXIS 81632, at \*29 n. 11, 2008 WL 4601903 (3d Cir. Oct. 15, 2008). The elements for a claim under § 1985(2) are "(1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs."  *Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.,* 792 F.2d 341, 356 (3d Cir.1986).

Defendants argue that Plaintiff's claim under Section 1985(2) fails as a matter of law because the complaint does not allege that he was a party or witness in a federal litigation. Accepting the allegations in the complaint as true and making all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has not plead sufficient facts showing that he was a party or witness in a federal litigation.  While Plaintiff alleges that he informed Defendants that he would be a potential witness against them in Court proceedings if called upon to do so, Plaintiff does not allege any facts that he was, in fact, going to be called to testify in a pending matter.  As a result, the Court finds that count 1 of Plaintiff's complaint fails as a matter of law.

B.      Count 2 -- Section 1985(1) Claim

The first clause of Section 1985(1) prohibits "conspiracies which interfere with the performance of official duties by federal officers."  *Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1281 (3d Cir. 1983) (citing *Kush v. Rutledge,* 460 U.S. 719, 724-25, 103 S.Ct. 1483, 1486-87, 75 L.Ed.2d 413 (1983)).  Defendants argue they are entitled to judgment on Plaintiff's Section 1985(1) claim because Plaintiff did not hold any office, trust, or place of confidence under the United States or discharge any federal duties.  Plaintiff alleges that, in his capacity as an officer of the United States District Court for the Northern District of New York he held a position "trust" or, alternatively, a "place of confidence" within the meaning of Section 1985(1).

The Third Circuit has interpreted Section 1985(1) to require a plaintiff to allege that he is a federal officer and that the defendant interfered with his official federal duties.  *See Diulus v. Churchill Valley Country Club*, 601 F.Supp. 677, 681 (W.D.Pa. 1985)(dismissing Section 1985(1) claims where complaint did not indicate any action by any federal officer); *Indus. Design Serv. Co. v. Upper Gwynedd Township,* Civ.A. No. 91-7621, 1993 WL 19756, at *4 (E.D.Pa. Jan. 27, 1993)(dismissing Section 1985(1) claims where plaintiffs did not allege any facts involving a federal officer).  Accepting the allegations in the complaint as true and making all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has not plead sufficient facts showing that he is a federal official or that Defendants interfered with his official federal duties; therefore, the Court finds that count 2 of Plaintiff's complaint fails as a matter of law.

## III.     Conclusion

For the reasons above, the Court finds that Defendants' motion for judgment on the pleadings with respect to counts 1 and 2 of the complaint should be granted.  At best, Plaintiff's

complaint alleges valid state law tort claims against the Defendants, assuming that such claims are properly and sufficiently plead.   However, given that the parties have not passed the pleadings stage of the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims under 28 U.S.C § 1367.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 28, 2010